UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES MICHAEL BROWN,

    Petitioner,

v.

WARDEN,

    Respondent.

CAUSE NO.: 3:22-CV-842-RLM-MGG

OPINION AND ORDER

James Michael Brown, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must conduct a preliminary review of the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

Mr. Brown was convicted of robbery, battery, leaving the scene of an accident, and criminal confinement while hijacking a vehicle in St. Joseph County under Case Number 71D03-1909-F2-17. He was sentenced to an aggregate term of 22 years in prison. The state court set forth the facts underlying his convictions as follows:

> On the afternoon of September 22, 2019, Edward Brown,[1] his wife Sarah Brown, and their two teenage grandchildren were heading home after attending church. Edward was driving the family's Ford Flex, Sarah was in the front passenger's seat, and the two teenagers were in the back seat.

---

[1] Despite having the same last name, the victims apparently weren't related to the petitioner. The court may take judicial notice of state court records in ruling on the petition. *See* FED. R. EVID. 201.

> The vehicle was stopped at an intersection when it was rear-ended by a vehicle being driven by a person later identified as Brown. Edward looked backwards and saw that Brown had exited his vehicle and begun to leave the scene. Edward exited his vehicle and told Brown to come back because they needed to exchange information. Edward was standing right by the driver's seat with the door open and the car still running when Brown turned around and approached Edward's vehicle. Brown forcibly pushed Edward away from the vehicle and entered it. Edward attempted to reach into the vehicle to prevent Brown from putting the car into gear but jerked his hand away as Brown drove away with Sarah and the two teenagers inside.
>
> Sarah had been texting when the accident occurred. As soon as she felt the impact, she turned around to check on the boys. One had a bloody nose and the other said he was okay. She watched Brown approach Edward, use both hands to push him away from the vehicle, and enter the driver's seat. Brown shifted the vehicle into drive and sped away. Sarah pleaded with Brown, "please don't do this." Brown responded, "You called me back here, so we're all going to die today." As Brown drove toward the next intersection, Sarah reached over to try to pull the keys out of the ignition. Brown and Sarah then began struggling over the keys. Eventually, Sarah was able to pull the keys out of the ignition. Brown fought with her, using force as they "tousl[ed] and tugg[ed] back and forth." Brown lunged at Sarah, trying to reclaim the keys, but was unsuccessful. He jumped out of the vehicle and was later found and arrested.

Brown v. State, 155 N.E.3d 688 (Table), 2020 WL 5824250, at *1 (Ind. Ct. App. 2020) (internal citations and headnotes omitted).

Mr. Brown appealed, arguing that the evidence was insufficient to support his robbery and criminal confinement convictions. The Indiana Court of Appeals affirmed the convictions on October 1, 2020. Mr. Brown didn't file a petition to transfer to the Indiana Supreme Court. In June 2021, he filed a petition for post-conviction relief, but he withdrew the petition in December 2021 without prejudice.

Mr. Brown then turned to federal court. His petition is somewhat difficult to follow, but giving it liberal construction, he claims that the offense of "hijacking" is

2

unduly vague and that the prosecutor committed misconduct by introducing certain medical records at trial "without any evidentiary basis."[2]

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") contains a strict statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

[2] The court will presume for purposes of this opinion that the petition contains a federal claim; some of his arguments appear to be based on errors of state law, which aren't cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Earls v. McCaughtry, 379 F.3d 489, 495 (7th Cir. 2004).

Mr. Brown doesn't assert, and the court finds no basis to conclude, that his claims are based on newly discovered facts or a new Supreme Court case made retroactive to cases on collateral review. Rather, he asserts straightforward claims of prosecutorial misconduct and vagueness. The prosecutorial misconduct claim is based on evidence presented at trial, and by Mr. Brown's own account, his attorney sought dismissal of the charges against him on vagueness grounds prior to trial. He doesn't assert that a state-created impediment prevented him from filing his federal petition on time, nor can the court discern the existence of any such impediment.

Thus, 28 U.S.C. § 2244(d)(1)(A) applies. Under that provision, Mr. Brown's conviction became final when the time for seeking review in the Indiana Supreme Court expired on direct appeal. *See* Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (for habeas petitioners who don't complete all levels of state review, judgment becomes final when the time for filing seeking further review expires); *see also* IND. R. APP. 57(C) (petition to transfer to Indiana Supreme Court must be filed within 45 days of appellate court's judgment). The federal clock began running on November 17, 2020, and Mr. Bown had one year from that date to file a timely federal habeas petition. He filed a state post-conviction petition in June 2021, which tolled the federal deadline under 28 U.S.C. § 2244(d)(2), but he withdrew the petition in December 2021, at which point the clock began running again. Mr. Brown signed this petition on

September 28, 2022.³ (ECF 1 at 6.) A total of 517 days elapsed on the federal clock before the petition was filed, which is well over a year.

When asked to explain why his petition is timely under the provisions of 28 U.S.C. § 2244(d), Mr. Brown states as follows:

> 22 USC 7171(b)(1) Congress finds trafficking also involves laws against kidnapping, slavery, fraud, extortion, false imprisonment. The confinement repeal here is hidden under laws against kidnapping. The fraud here through the unconstitutional law enactment on May 6, 2013. The [illegible] Indiana Supreme Court precedent Wilson v. State, 468 NE2d 1375 (1984) proffering forbidden judicial legislation, which, appeal court and trial courts turn to[]. Then extortion mystery letters signed I.S.I.S. I have sentenced to false imprisonment I.C. Let's consider this a constitutional complaint involving [Judge] Jeffrey L. Sanford being without jurisdiction going over his state creating criminal what's not criminal with the Judiciary and move on. With all out respect.

(ECF 1 at 10.) Only a small part of this statement addresses the timeliness issue. The only reference to any particular date is a 2013 enactment of the criminal confinement statute, which was well before the events giving rise to his conviction. Therefore, the petition is untimely and must be dismissed.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant or deny Mr. Brown a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the

---

³ The petition was electronically filed with this court on October 4, 2022. Although Mr. Brown appears to have signed a portion of the petition in January 2022, it's evident that he didn't complete the petition until September 28, 2022, which is the date he signed the section outlining his claims. Even if the court were to presume that he tendered a portion of the petition to prison officials for filing in January, that portion didn't include any claims, so there would be no means for the later-filed portion to "relate back" to this filing. *See* Mayle v. Felix, 545 U.S. 644, 663-64 (2005); *see also* Riney v. United States, No. 15-3783, 2017 WL 3426473, at *1 (7th Cir. Feb. 10, 2017) ("[I]f claims in an amendment do not relate back, the new claims must independently meet the statute of limitations[.]").

5

petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). As explained above, Mr. Brown's petition is untimely, making habeas relief impossible. The court finds no basis to conclude that reasonable jurists would debate the correctness of this ruling or find a reason to encourage him to proceed further. He won't be granted a certificate of appealability.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(2) DENIES the petitioner a certificate of appealability; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on October 6, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT